**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN DOUGLAS COOK,

Defendant - Appellant.

No. 25-5096
(D.C. No. 4:24-CR-00005-JDR-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Christian Douglas Cook pleaded guilty to three counts of assault with a

dangerous weapon with intent to do bodily harm in Indian Country. The district

court sentenced him to 120 months in prison on each count, to be served

concurrently, followed by three years of supervised release. By plea agreement,

Mr. Cook waived his right to appeal his conviction or sentence unless his sentence

exceeded the statutory maximum, which it did not. Notwithstanding the appeal

waiver, he filed a notice of appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In response, Mr. Cook's counsel moved to withdraw and filed an *Anders* brief stating his belief that there is no non-frivolous basis for opposing the government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous).  We gave Mr. Cook an opportunity to file a pro se response to the motion to enforce.  *See id.*  To date, he has not done so.

Nonetheless, we have conducted an independent review of the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce.  *See id.*  After doing so, we conclude that the requirements for enforcing the plea waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Cook "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.  As his counsel states, Mr. Cook may properly bring an ineffective assistance of counsel claim, if he believes he has one, in a collateral proceeding.  *See id.* at 1327 n.13.

We grant the government's motion to enforce the plea agreement, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court

Per Curiam